**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| RAJA MITTAL, | |
| Plaintiff, | Case No. 2:15–cv–1037–RFB–VCF |
| vs. | **ORDER** |
| COURT OF CLARK, *et al.*, | MOTION (#4) |
| Defendants. | |

*Pro se* Plaintiff Raja Mittal commenced this action on June 4, 2015. Mittal has since served fifteen of the twenty three named defendants. On September 9, 2015, he moved for additional time to serve the eight remaining defendants. (Doc. #4).

Mittal's motion is granted. Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve a defendant "within 120 days after the complaint is filed." Courts have broad discretion to extend time for service under Rule 4(m). *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2003). The Advisory Committee Notes to Rule 4(m) state that the rule "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of [Rule 4(m)] even if there is no good cause shown." *See* FED. R. CIV. P. 4(m), Advisory Comm. Notes (1993).

Mittal must serve the remaining defendants—(i.e., Kimberly Brothers, Deogratius Mshigeni, John J. Jones, Robert Draskovich, Robert Kilpatrick, Marc O'Connor, and Liz Jarman, and Clark County)—by February 2, 2016, which is 120 days from the date of this order.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Raja Mittal's Motion (#4) is GRANTED.

IT IS FURTHER ORDERED that Kimberly Brothers, Deogratius Mshigeni, John J. Jones, Robert Draskovich, Robert Kilpatrick, Marc O'Connor, Liz Jarman, and Clark County must be served by February 2, 2016. Plaintiff's failure to serve the remaining defendants by February 2, 2016 may result in a recommendation to the district judge that these defendants be dismissed from the action.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 5th day of October, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE