# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RAJA MITTAL,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF CLARK, *et al*.,<br><br>    Defendants. | Case No. 2:15-CV-1037-KJD-VCF<br><br>**ORDER** |

Presently before the Court is Defendant Robert Draskovich's Substantive Joinder (#51) to Defendants Michael O. Nyarko and William L. Downey's Motion to Dismiss (#49). Plaintiff filed a response in opposition (#80) to which Defendant replied (#88).

**I. Background**

  This case arises out of Plaintiff's claims that Defendants conspired to mislead the State's juvenile court and deprive him of custody of his minor son X.X. Plaintiff has named his former attorney, Robert Draskovich, as a defendant. Plaintiff hired Draskovich in July of 2013 to represent him in the juvenile court trial regarding X.X. However, Plaintiff alleges that the day before trial Defendant coerced him to enter into a plea settlement against his will. According to Plaintiff, Defendant told him "that if he doesn't go in for the settlement, he will never see his son ever again." Because of the overwhelming stress of the situation Plaintiff claims that he agreed to enter into the plea settlement, though his desire had always been to seek justice at trial. Plaintiff entered a no

contest plea to educational neglect of his son in exchange for a dismissal of other allegations of child abuse and neglect. In fact, no further criminal or civil charges were brought against Plaintiff. Plaintiff admits in his first amended complaint that he did keep X.X. out of school for eleven days in an attempt to protect the boy from the alleged abuse of X.X.'s mother and grandfather.

Plaintiff alleges that Defendant mislead him into a fraudulent settlement and thereby breached his fiduciary duty and committed legal malpractice. Plaintiff further alleges that all Defendants violated Plaintiff's constitutional rights, conspired to deprive Plaintiff of his rights, and failed to prevent the deprivation of those rights. Defendant Draskovich filed the present motion to dismiss Plaintiff's First Amended Complaint.

**II. Legal Standard**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." F.R.C.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Thus, "[to]survive a motion to dismiss, a complaint must contain sufficient factual matter to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions or mere recitals of the elements of a cause of action, supported only by conclusory statements, are not entitled to the assumption of truth. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the

plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Further, where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged–but it has not show[n]–that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). Thus, when the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly,* 550 U.S. at 570. Moreover, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the non-moving party." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation omitted).

**III. Analysis**

In his First through Fourth Causes of Action, Plaintiff alleges that all Defendants: (1) deprived him of his constitutional rights, 42 U.S.C. § 1983; (2) conspired to prevent justice, 42 U.S.C. § 1985(2); (3) conspired to deprive him of his rights and privileges, 42 U.S.C. § 1985(3); and, (4) failed to prevent the alleged wrongs that were conspired to be done against him, 42 U.S.C. § 1985. Additionally, Plaintiff names Draskovich in the Seventh through Ninth Cause of Action for negligence per se, breach of fiduciary duty, and legal malpractice.

  **A.**  **Deprivation of Rights and Privileges Claims**

Defendant Draskovich argues that Plaintiff's first four causes of action fail to state a claim upon which relief can be granted. Plaintiff's First Cause of Action arises under 42 U.S.C. § 1983. In order to bring a § 1983 claim, a Plaintiff must allege two essential elements: (1) that a constitutional or legal right was violated; and (2) that the violation was "committed by a person acting under the color of State law." *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). Draskovich argues that Plaintiff has failed to allege facts to support a finding that Draskovich acted under color of state law. Plaintiff contends that Draskovich worked as a co-conspirator with the government and is therefore a state actor under the joint action test. *Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980).

3

1  In order for a person to act under the color of state law, it is not necessary for that person to
2  be an officer of the state. *Id.* at 27. It is sufficient that a person be a willful participant in joint action
3  with the state. *Id.* However, "[a] private party is liable under this theory, only if its particular actions
4  are 'inextricably intertwined' with those of the government. *Brunette v. Humane society of Ventura*
5  *County*, 294 F.3d 1205, 1211 (9th Cir. 2002) (quoting *Mathis v. Pac. Gas & Elec. Co.*, 75 F.3d 498,
6  503 (9th Cir. 1996)). Joint action requires a "substantial degree of cooperative action" between the
7  state and the defendant. *Collins v. Womancare*, 878 F.2d 1145, 1154 (9th Cir. 1989).

8  Plaintiff has alleged that Draskovich conspired with the government to deprive Plaintiff of his
9  constitutional rights. This conclusory allegation does not show a "substantial degree of cooperative
10  action." *Id.* Without further factual allegations, Plaintiff's claim is merely a recitation of the elements
11  for a § 1983 claim. *Iqbal*, 556 U.S. at 678. Therefore, Plaintiff's First Cause of Action against
12  Draskovich must be dismissed. *Id.*

13  Plaintiff's Second and Third Causes of Action arise under 42 U.S.C. § 1985. Plaintiff is
14  required to allege that Draskovich conspired to impede the due course of justice with the intent of
15  depriving Plaintiff of equal protection of the law. *See* 42 U.S.C. § 1985(2–3). However, Plaintiff's
16  allegations that Draskovich maliciously tricked him into accepting the plea settlement in order to
17  impede justice, also lacks the factual substance to be considered plausible. *Iqbal*, 556 U.S. at 678.
18  Plaintiff has not made sufficient factual allegations to show that he is entitled to relief. *Id.* at 679.
19  Therefore, Plaintiff's Second and Third Causes of Action against Downey and Nyarko must be
20  dismissed. *Id.*

21  Finally, Plaintiff's Fourth Cause of Action arises under 42 U.S.C. § 1986. This section
22  provides a private action for failure to prevent a violation of § 1985. *See* 42 U.S.C. § 1986.
23  Defendant argues that Plaintiff has not alleged sufficient facts to show that Draskovich knew of, or
24  failed to prevent, a violation of § 1985. Once again Plaintiff's allegations are factually sparse.
25  Plaintiff has alleged that Draskovich conspired with the government to deprive him of due justice,
26

but has not shown how Draskovich would have known about, or been able to stop, a violation of § 1985.[1] *Iqbal*, 556 U.S. at 679. Plaintiff's Fourth Cause of Action must also be dismissed. *Id.*

### B. State Law Claims – Supplemental Jurisdiction

A district court has discretion to decline to exercise supplemental jurisdiction over a claim if all claims over which it has original jurisdiction have been dismissed or if the claim raises a novel or complex issue of state law. See 28 U.S.C. § 1367(c). Since the Court has dismissed all claims over which it has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over Plaintiff's state law claims.

**IV. Conclusion**

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (#51) is **GRANTED**;

IT IS FURTHER ORDERED that Plaintiff's civil rights claims against Draskovich are **DISMISSED with prejudice;**

IT IS FURTHER ORDERED that Plaintiff's state law claims are **DISMISSED without prejudice**;

IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Defendant Draskovich and against Plaintiff.

DATED this __30__ day of March 2017.

_____
Kent J. Dawson
United States District Judge

---

[1] According to the allegations of the complaint, the conspiracy began almost three years before Plaintiff brought Draskovich into the situation by hiring him to represent him at the actual trial in juvenile court. Draskovich convinced Plaintiff to plead *nolo contedere* to the educational neglect charge, rather than face potentially more serious charges. Other than having to take a sexual boundaries course, Plaintiff has identified no actual harm from his choice. More importantly for this claim, he has made no allegations from which it could be plausibly inferred that Draskovich would join or did join the alleged vast conspiracy at the eleventh hour.