UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RAJA MITTAL,

    Plaintiff,

v.

COUNTY OF CLARK, *et al.*,

    Defendants.

Case No. 2:15-CV-01037-KJD-VCF

**ORDER**

    Presently before the Court is Defendants Dr. William L. Downey and Dr. Michael O. Nyarko's Motion to Dismiss (#49). Plaintiff filed a response in opposition (#69) to which Defendants replied (#72). Defendants Elizabeth Jarman, LCSW and Gregory Harder, Psy.D., filed a substantive Joinder (#50) to the motion to dismiss. Plaintiff filed a response in opposition (#81) to the joinder to which Defendants replied (#90)

**I. Background**

    This case arises out of Plaintiff's claims that Defendants conspired in violation of his constitutional rights to deprive him of custody of his minor son X.X. Plaintiff contested custody of his son in family court and fought a lengthy custody battle forced by charges of abuse in juvenile court. Though Plaintiff initially asserted that his ex-wife and her father were abusing his son X.X., Child Protective Services ("CPS") later brought an adversary proceeding against Plaintiff in juvenile

court asserting that X.X. was harmed by Plaintiff's behavior. Eventually, Plaintiff and the State settled the claims with Plaintiff Raja Mittal admitting liability on a claim of educational neglect. As part of that settlement, no further civil or criminal claims were brought against him.  However, Mittal would be required to take sexual boundaries classes. Mittal claims that he was deceived about those classes and would not have entered into the settlement agreement if he had known.

Plaintiff then filed the present action claiming that virtually every one ever involved in those proceedings –  from doctors, to social workers, to his own attorney –  were involved in a grand conspiracy to deprive him of access to X.X. and to hide the sexual abuse that Mittal alleged X.X.'s maternal grandfather was inflicting on him.  The decision of the juvenile court finding Plaintiff liable on a charge of educational neglect has never been overturned.

Doctors Downey and Nyarko have been named as Defendants in this case. The relevant allegations pertaining to Doctors Downey and Nyarko are as follows: Plaintiff X.X. was a patient of the doctors at Desert Valley Pediatrics beginning in 2009 or 2010. Initially, Dr. Downey had prescribed ADHD medication to X.X.  In January of 2010, Plaintiff met with Dr. Downey and X.X.'s mother, Kristen Brown, to discuss Plaintiff's objections to the prescription. After this meeting  X.X. was temporarily taken off of the medication. On November 7, 2013, Mittal accompanied X.X. and Brown to an appointment with Doctor Nyarko who also prescribed an ADHD medication. Again, Mittal objected to the prescription, but Brown was granted custody of X.X. later that month.

Doctors Downey and Nyarko are named as Defendants – as all defendants are named –  in Plaintiff's First through Fourth Causes of Action for various violations of Plaintiff's constitutional rights, conspiracy to deny Plaintiff of his constitutional rights, and failure to prevent the deprivation of Plaintiff's constitutional rights. Downey and Nyargo are also included in Plaintiff's Seventh Cause of Action for negligence per se, and Fourteenth Cause of Action for medical malpractice.  Plaintiff essentially alleges the doctors acted negligently when prescribing ADHD medication to X.X.

Dr. Harder is included in the civil rights claims, negligence per se claims, and the medical malpractice claims for diagnosing X.X. as ADHD. Elizabeth Jarman, LCSW, is included in the civil

rights claims, medical malpractice claims (for no apparent reason), negligence per se, fiduciary duty and the thirteenth cause of action for failure to discharge a mandatory duty (for allegedly failing to investigate allegations of abuse).

Defendants Downey and Nyarko filed the present motion to dismiss Plaintiff's First Amended Complaint asserting that they are not state actors subject to liability under civil rights claims, the medical claims are time-barred, and the malpractice claims are "*void ab initio*" due to Plaintiff's failure to include an affidavit by a medical expert that supports the allegations of the action. The parties to the motion also assert that the negligence per se claims and failure to discharge a duty claims should be dismissed.

**II.  Standard for a Motion to Dismiss**

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." Wyler Summit Partnership v. Turner Broadcasting System, Inc., 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Consequently, there is a strong presumption against dismissing an action for failure to state a claim. See Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Plausibility, in the context of a motion to dismiss, means that the plaintiff has pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

The Iqbal evaluation illustrates a two prong analysis.  First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. Id. at 1949-51.  Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." Id. at 1951.  If the allegations state plausible claims for relief, such claims survive the motion to dismiss. Id. at 1950.

### III. Analysis

In his First through Fourth Causes of Action, Plaintiff alleges that all Defendants: (1) deprived him of his constitutional rights, 42 U.S.C. § 1983; (2) conspired to prevent justice, 42 U.S.C. 1985(2); (3) conspired to deprive him of his rights and privileges, 42 U.S.C. § 1985(3); and, (4) failed to prevent the alleged wrongs that were conspired to be done against him, 42 U.S.C. § 1985. Additionally, Plaintiff alleges negligence per se against all Defendants, and medical malpractice against several Defendants including Doctors Downey, Nyarko, Harder.

### A.   Civil Rights Claims

Defendants Downey, Nyarko, Harder and Jarman argue that Plaintiff's first four causes of action fail to state a claim upon which relief can be granted. Plaintiff's first cause of action arises under 42 U.S.C. § 1983. In order to bring a § 1983 claim, Plaintiff must allege two essential elements: (1) that a constitutional or legal right was violated; and (2) that the violation was "committed by a person acting under the color of State law." Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  Plaintiff has failed to allege that Defendants Downey and Nyarko acted "under the color of state law." Further, Plaintiff failed to oppose Downey and Nyarko's argument that they are not state actors. Plaintiff's First Cause of Action against Downey and Nyarko must be dismissed.

In response to Harder's and Jarman's motion to dismiss based on the same reasoning, Plaintiff argues that Harder and Jarman are state actors under the 'joint action test'. See Franklin v. Fox, 312 F.3d 423, 445 (9th Cir. 2002). "Under the joint action test, courts examine whether state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights." Id. Plaintiff must allege that Harder and Jarman were "willful participant[s]" with state actors and that their actions were "inextricably intertwined" with the state actors' actions. See Brunette v. Humane Soc'y of Ventura Cty., 294 F.3d 1205, 1211 (9th Cir. 2002). In this case, Plaintiff only makes a conclusory statement that the allegations of his seventy-two (72) page complaint are enough to establish joint action. However, Plaintiff's mere disagreement with the

4

result in the underlying juvenile court action is not enough to meet the Iqbal standard. Iqbal, 129 S. Ct. at 1949. Further additional factual allegations made in his opposition, but not in the first amended complaint are insufficient to defeat a motion to dismiss.

Plaintiff's Second and Third Causes of Action arise under 42 U.S.C. § 1985. Violation of § 1985 requires allegations that Defendants conspired to impede the due course of justice with the intent of depriving Plaintiff of equal protection of the law. See 42 U.S.C. § 1985(2-3). However, the only allegations that directly implicate Defendant's Downey and Nyarko involve the allegedly improper medical treatment given to X.X. Plaintiff has not made sufficient factual allegations to show that he is entitled to relief. Iqbal, 556 U.S. at 679. Therefore, Plaintiff's Second and Third Causes of Action against Downey and Nyarko must be dismissed.

Further, Plaintiff's assertions that the outcome of the case was not as he desired is insufficient to allege a controversy against Jarman and Harder. Therefore, the Second and Third Causes of Action against them must also be dismissed.

Finally, Plaintiff's Fourth Cause of Action arises under 42 U.S.C. § 1986. This section provides a private action for failure to prevent a violation of § 1985. See 42 U.S.C. § 1986. Here, the base assertion that they must have known of a global conspiracy is insufficient to state a claim for relief against any of these Defendants. The Fourth Cause of Action against Downey, Nyarko, Jarman and Harder must be dismissed.

**B. Negligence Per Se Claims**

Plaintiff has not plead sufficient factual allegations to determine the basis of his negligence per se claims against Doctors Downey and Nyarko. Plaintiff merely claims that all "Defendants had an affirmative obligation to conduct meaningful investigation of the sex abuse allegations." Without further details concerning the Doctors involvement, this is merely an unsupported conclusory statement. Iqbal, 556 U.S. at 678. Consequentially, this Court cannot, and need not, determine whether Plaintiff's negligence per se claim is subject to the statutory requirements of 41A as it independently fails to state a claim upon which relief can be granted. *Id.* Further, the claims for

negligence per se against all Defendants are dismissed, because Plaintiff's own factual allegations clearly demonstrate that a meaningful investigation of the claims was made. Based only on Plaintiff's allegations, it is clear that the investigation was thorough and extensive. Plaintiff is merely unhappy that he, in part, came under scrutiny.

### C.     Medical Malpractice Claims

Nevada Revised Statute §41A requires that any action for professional negligence be filed with an affidavit from a medical expert that supports the allegations contained in the action. NRS § 41A.071. Section 41A also serves as the statue of limitations for claims of medical malpractice. NRS § 41A.097. "[A]n action for injury against a provider of health care may not be commenced more than 3 years after the date of injury or 1 year after the plaintiff discovers... the injury, whichever occurs first." NRS § 41A.097(2).

Plaintiff did not file the required affidavit and so his medical malpractice claims must be dismissed. NRS § 41A.071. Additionally, Plaintiff has not contested Defendant's argument that he first became aware of the alleged injury at time the ADHD medicine was prescribed.  Thus, his claim for medical malpractice is time-barred. Plaintiff first became aware of the first prescription from Doctor Downey on or about January of 2010, and the prescription of Doctor Nyarko in November of 2013.  He became aware of Harder's diagnosis on or about July 30, 2013. Plaintiff filed his initial complaint on June 4, 2015. Therefore, Plaintiff's claims of medical malpractice against all three are time-barred.

### D.     Supplemental Jurisdiction

If the Court was not dismissing the state law claims based on their merit, it would decline to exercise supplemental jurisdiction over them, because all of the civil rights and statutory federal claims have been dismissed. A district court has discretion to decline to exercise supplemental jurisdiction over a claim if all claims over which it has original jurisdiction have been dismissed or if the claim raises a novel or complex issue of state law. See 28 U.S.C. § 1367(c).

### IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendants Dr. William L. Downey and Dr. Michael O. Nyarko's Motion to Dismiss (#49) is **GRANTED**;

IT IS FURTHER ORDERED that Defendants Elizabeth Jarman's and Gregory Harder's, Joinder (#50) and motion to dismiss is **GRANTED**;

IT IS FURTHER ORDERED that all claims against Defendants Downey, Nyarko, Jarmand and Harder are **DISMISSED with prejudice without leave to amend as futile**;

IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for these Defendants and against Plaintiff.

DATED this 30 day of March 2017.

_____
Kent J. Dawson
United States District Judge