UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RAJA MITTAL,

    Plaintiff,

v.

COUNTY OF CLARK, *et al.*,

    Defendants.

Case No. 2:15-CV-1037-KJD-VCF

**ORDER**

Presently before the Court are Defendants' Motions to Dismiss (#52/104). Plaintiff filed a response in opposition (#73/106) to which Defendants replied (#76/108). Also before the Court is Defendants' Motion to Strike (#94) to which Plaintiff filed a response in opposition #(95).[1] Also before the Court is Plaintiff's Motion to Seal (#85). The motion to seal is granted.

I. Background

X.X. is the minor son of Plaintiff Raja Mittal and his ex-wife Kristin Brown. Mittal and Brown separated two years after the birth of X.X. and officially divorced in 2009. As part of the divorce decree, Brown was granted primary physical custody of X.X. while Mittal was allowed visitation for two days a week.

---

[1] The motion to strike is granted, because Plaintiff's reply was filed in direct contravention to the Court's order (#91) denying his motion for extension of time.

Plaintiff claims that X.X. had always shown the signs of physical and sexual abuse, but it was not until X.X. began to complain, that Plaintiff was able to make the connection between these signs and their alleged cause. In September of 2011, Plaintiff alleges X.X. began to mention things to him that indicated he was being sexually abused by his maternal grandfather, Richard Brown. Plaintiff then reported his suspicions to the police and filed a petition with the family court to have his son removed from Brown's custody. However, Plaintiff's attempt to gain custody of X.X. was ultimately unsuccessful.

In June of 2013, Defendant Teresa Tibbs informed Mittal that Defendant Child Protective Services would be granting custody of X.X. to Brown, and not Plaintiff. In his amended complaint (#48), Plaintiff alleges a lengthy series of events that he believes caused Brown, rather than himself, to obtain custody of their son. His theory is that Defendants conspired to influence and mislead the juvenile court into granting custody of X.X. to Brown by lying and withholding evidence from the court. Plaintiff believes that Defendants favored Brown and wanted to place X.X. in his mother's custody, contrary to the best interests of the child. Mittal now asks this court for a declaratory judgment invalidating the orders of the state court and granting him custody of X.X., and prays for damages allegedly caused by: violations of 42 U.S.C. §§ 1983, 1985, and 1986; and other causes of action based on state law.

II.  Standard for a Motion to Dismiss

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." Wyler Summit Partnership v. Turner Broadcasting System, Inc., 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Consequently, there is a strong presumption against dismissing an action for failure to state a claim. See Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Plausibility, in the

context of a motion to dismiss, means that the plaintiff has pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

The Iqbal evaluation illustrates a two prong analysis.  First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. Id. at 1949-51.  Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." Id. at 1951.  If the allegations state plausible claims for relief, such claims survive the motion to dismiss. Id. at 1950.

III. Analysis

    **A.**    **Jurisdictional Review**

Plaintiff's 72-page first amended complaint does not set forth a short and plain statement as required by Federal Rule of Civil Procedure 8. It is apparent, however, from the amended complaint and Plaintiff's briefs that Plaintiff challenges orders issued by state court judges relating to the custody of his son, particularly those based in a child dependency proceeding in juvenile court and initiated by CPS. A federal district court does not have jurisdiction to review errors in state court decisions in civil cases. Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415 (1923). "The district court lacks subject matter jurisdiction either to conduct a direct review of a state court judgment or to scrutinize the state court's application of various rules and procedures pertaining to the state case." Samuel v. Michaud, 980 F. Supp. 1381, 1411–12 (D. Idaho 1996), aff'd, 129 F.3d 127 (9th Cir. 1997). See also Branson v. Nott, 62 F.3d 287, 291–92 (9th Cir. 1995) (finding no subject matter jurisdiction over section 1983 claim seeking, inter alia, implicit reversal of state trial court action); MacKay v. Pfeil, 827 F.2d 540, 544–45 (9th Cir. 1987) (attacking state court judgment because substantive defense improper under Rooker–Feldman). Even if the federal district court action alleges the state court's action was unconstitutional or violated the plaintiff's civil rights, the rule does not change. Feldman, 460 U.S. at 486.

Moreover, claims raised in federal district court need not have been argued in the state judicial proceedings to be barred by the Rooker–Feldman doctrine. Id. at 483–84 & n.16. If federal claims are "inextricably intertwined" with a state court judgment, the federal court may not hear them. Id. "[T]he federal claim is 'inextricably intertwined' with the state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 25 (1987) (Marshall, J., concurring). In sum, "a state court's application of its rules and procedures is unreviewable by a federal district court. The federal district court only has jurisdiction to hear general challenges to state rules or claims that are based on the investigation of a new case arising upon new facts." Samuel, 980 F. Supp. at 1412–13.

Plaintiff alleges multiple improprieties related to custody and child dependency proceedings. Plaintiff does not raise a general federal challenge to state law. See Branson, 62 F. 3d at 292. Stripped to its essence, this action is one for federal court review of state court proceedings. The Court finds the instant action amounts to an attempt to litigate in federal court matters that are inextricably intertwined with state court decisions. Accordingly, the Court dismisses Plaintiff's federal claims for lack of subject matter jurisdiction under Rooker–Feldman.[2]

### B. Federal Claims

Even if the Court were to find that it had jurisdiction, it would still dismiss Plaintiff's federal claims.

#### 1. Plaintiff's § 1985 claims

Plaintiff claims, in his first cause of action, that Defendants engaged in a conspiracy to deprive himself and his child of their constitutional rights based on the Plaintiff's status as a male.

---

[2]This is analogous to Heck v. Humphrey, 512 U.S. 477 (1994), which bars § 1983 actions for unconstitutional convictions or imprisonment where the underlying sentence or conviction has not been reversed, expunged or declared invalid. Like Heck, Plaintiff's damages claims challenge the legality and validity of the court's orders in the child dependency action. Unlike other cases allowing claims to proceed against social workers, Mittal did not prevail in his child dependency proceeding. See, e.g., Beltran v. Santa Clara Cty., 514 F.3d 906 (2008)(dependency petition denied and child returned to parents). To the contrary, Plaintiff agreed to a *nolo contendere* settlement where he consented to a finding of educational neglect.

However, this claim shares the same critical flaw as Plaintiff's § 1985 claims. Once again Plaintiff fails to assert anything more than a recitation of the elements. The facts alleged by Plaintiff fail to provide the factual background to show that Defendants were motivated in their alleged misconduct by the fact that Plaintiff is male. Therefore, this claim must also be dismissed. Plaintiff's first cause of action is dismissed for failure to state a claim upon which relief can be granted.

**2. Plaintiff's § 1983 claims**

Plaintiff's claims, in his second and third causes of action, that Defendants violated 42 U.S.C. § 1985. This section prohibits conspiracies to interfere with justice in state courts with intent to deny a citizen equal protection of the law. 42 U.S.C.A. § 1985. However, the Supreme Court has narrowed the application of § 1985 to acts of conspiracy or interference that are inspired by a racial or class based animus. Griffin v. Breckenridge, 403 U.S. 88, 102 (1971).

Though Plaintiff alleges that Defendants conspired against him because of his race, he has failed to allege any specific facts that would make this claim plausible. He has not claimed any connection between the Defendants' alleged misconduct and his own race or class; nor does he provide the factual allegation to show that a racial or class based motive is plausible. Plaintiff has only recited the elements of a § 1985 violation. To the extent that Plaintiff is arguing that he was discriminated against as being male, he has pled no facts which draw even an inference between his gender and the actions of Defendants. Therefore, Plaintiff's second and third causes of action are dismissed for failure to state a claim upon which relief can be granted.

**3. Plaintiff's § 1986 claims**

Plaintiff's fourth cause of action is a claim that defendants violated 42 U.S.C. § 1986. A violation of this statute requires: (1) that a person has knowledge of the wrongs outlined in 42 U.S.C. § 1985; and (2) can prevent those wrongs, but still fails to do so. See 42 U.S.C. § 1986. Because Plaintiff's second and third causes of action involving section 1985 have been dismissed, his section 1986 claim is facially implausible. Therefore, Plaintiff's fourth cause of action is dismissed for failure to state a claim upon which relief can be granted.

### C.  State Law Claims and Supplemental Jurisdiction

A district court has discretion to decline to exercise supplemental jurisdiction over a claim if all claims over which it has original jurisdiction have been dismissed or if the claim raises a novel or complex issue of state law.  See 28 U.S.C. § 1367(c).  Since the Court has dismissed all claims over which it has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over Plaintiff's state law claims.

### IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendants' Motions to Dismiss (#52/104) are **GRANTED**;

IT IS FURTHER ORDERED that Defendants' Motion to Strike (#94) is **GRANTED**;

IT IS FURTHER ORDERED that the Clerk of the Court **STRIKE** Docket Nos. 92 and 93;

IT IS FURTHER ORDERED that Plaintiff' Motion to Seal (#85) is **GRANTED**;

IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Defendants and against Plaintiff.

DATED this 30th day of March 2017.

_____
Kent J. Dawson
United States District Judge