# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RAJA MITTAL,

    Plaintiff,

v.

ROBERT KILPATRICK, M.D., MARC O'CONNOR, M.D., *et al*.,

    Defendants.

Case No. 2:15-CV-01037-KJD-VCF

**ORDER**

Presently, before the Court is the Joinder (#64) of Defendants Robert A. Kilpatrick and Marc O'Connor to Defendants Michael O. Nyarko and Wiliam Downey's Motion to Dismiss (#49), Clark County Defendant's Motion to Dismiss (#52) and Defendant Katowich's Motion to Dismiss (#53).[1] **I. Background**

This case arises out of Plaintiff's claims that Defendants conspired in violation of his constitutional rights to deprive him of custody of his minor son X.X. Plaintiff contested custody of his son in family court and fought a lengthy custody battle forced by charges of abuse in juvenile court. Though Plaintiff initially asserted that his ex-wife and her father were abusing his son X.X., Child Protective Services ("CPS") later brought an adversary proceeding against Plaintiff in juvenile

---

[1] Joinders are a disfavored form of motion practice.

court asserting that X.X. was harmed by Plaintiff's behavior. Eventually, Plaintiff and the State settled the claims with Plaintiff Raja Mittal admitting liability on a claim of educational neglect. As part of that settlement, no further civil or criminal claims were brought against him. However, Mittal would be required to take sexual boundaries classes. Mittal claims that he was deceived about those classes and would not have entered into the settlement agreement if he had known.

Plaintiff then filed the present action claiming that virtually every one ever involved in those proceedings – from doctors, to social workers, to his own attorney – were involved in a grand conspiracy to deprive him of access to X.X. and to hide the sexual abuse that Mittal alleged X.X.'s maternal grandfather was inflicting on him. The decision of the juvenile court finding Plaintiff liable on a charge of educational neglect has never been overturned.

Doctors Kilpatrick and O'Connor have been named as Defendants in this case. In the seventy-two (72) page complaint only one paragraph contains factual allegations against Kilpatrick and O'Connor. See First Amended Complaint, Doc. No. 48, p. 40, l. 18-28. That paragraph alleges that Dr. Kilpatrick gave a false statement to the police. It also alleges that O'Connor and Kilpatrick spent less than a minute superficially examining X.X. when he was brought to the emergency room.

Doctors Kilpatrick and O'Connor are named as Defendants – as all defendants are named – in Plaintiff's First through Fourth Causes of Action for various violations of Plaintiff's constitutional rights, conspiracy to deny Plaintiff of his constitutional rights, and failure to prevent the deprivation of Plaintiff's constitutional rights. Kilpatrick and O'Connor are also included, generally, in Plaintiff's Seventh Cause of Action for negligence per se, and Fourteenth Cause of Action for medical malpractice. Plaintiff essentially alleges the doctors acted negligently when examining X.X.

Defendants Downey and Nyarko filed a motion to dismiss Plaintiff's First Amended Complaint asserting that they are not state actors subject to liability under civil rights claims, the medical claims are time-barred, and the malpractice claims are "*void ab initio*" due to Plaintiff's failure to include an affidavit by a medical expert that supports the allegations of the action. Defendants Kilpatrick and O'Connor filed the present motion to join the motion to dismiss.

## II. Standard for a Motion to Dismiss

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." Wyler Summit Partnership v. Turner Broadcasting System, Inc., 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Consequently, there is a strong presumption against dismissing an action for failure to state a claim. See Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff has pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

The Iqbal evaluation illustrates a two prong analysis. First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. Id. at 1949-51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. If the allegations state plausible claims for relief, such claims survive the motion to dismiss. Id. at 1950.

## III. Analysis

In his First through Fourth Causes of Action, Plaintiff alleges that all Defendants: (1) deprived him of his constitutional rights, 42 U.S.C. § 1983; (2) conspired to prevent justice, 42 U.S.C. 1985(2); (3) conspired to deprive him of his rights and privileges, 42 U.S.C. § 1985(3); and, (4) failed to prevent the alleged wrongs that were conspired to be done against him, 42 U.S.C. § 1985. Additionally, Plaintiff alleges negligence per se against all Defendants, and medical malpractice against several Defendants including Doctors Kilpatrick and O'Connor.

///

///

### A. Civil Rights Claims

Defendants Kilpatrick and O'Connor argue that Plaintiff's first four causes of action fail to state a claim upon which relief can be granted. Plaintiff's first cause of action arises under 42 U.S.C. § 1983. In order to bring a § 1983 claim, Plaintiff must allege two essential elements: (1) that a constitutional or legal right was violated; and (2) that the violation was "committed by a person acting under the color of State law." Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). Plaintiff has failed to allege that Defendants Kilpatrick and O'Connor acted "under the color of state law." Further, Plaintiff failed to oppose Kilpatrick and O'Connor's argument that they are not state actors. Plaintiff's First Cause of Action against Kilpatrick and O'Connor must be dismissed.

Plaintiff's Second and Third Causes of Action arise under 42 U.S.C. § 1985. Violation of § 1985 requires allegations that Defendants conspired to impede the due course of justice with the intent of depriving Plaintiff of equal protection of the law. See 42 U.S.C. § 1985(2-3). However, the only allegations that directly implicate Defendants Kilpatrick and O'Connor involve the allegedly insufficient medical treatment given to X.X. Plaintiff has not made sufficient factual allegations to show that he is entitled to relief. Iqbal, 556 U.S. at 679. Therefore, Plaintiff's Second and Third Causes of Action against Kilpatrick and O'Connor must be dismissed.

Finally, Plaintiff's Fourth Cause of Action arises under 42 U.S.C. § 1986. This section provides a private action for failure to prevent a violation of § 1985. See 42 U.S.C. § 1986. Here, the base assertion that they must have known of a global conspiracy is insufficient to state a claim for relief against any of these Defendants. The Fourth Cause of Action against Kilpatrick and O'Connor must be dismissed.

### B. Negligence Per Se Claims

Plaintiff has not plead sufficient factual allegations to determine the basis of his negligence per se claims against Doctors Kilpatrick and O'Connor. Plaintiff merely claims that all "Defendants had an affirmative obligation to conduct meaningful investigation of the sex abuse allegations." Without further details concerning the Doctors involvement, this is merely an unsupported

1 conclusory statement. Iqbal, 556 U.S. at 678. Consequentially, this Court cannot, and need not, determine whether Plaintiff's negligence per se claim is subject to the statutory requirements of 41A as it independently fails to state a claim upon which relief can be granted. *Id.*

### C. Medical Malpractice Claims

Nevada Revised Statute §41A requires that any action for professional negligence be filed with an affidavit from a medical expert that supports the allegations contained in the action. NRS § 41A.071. Section 41A also serves as the statue of limitations for claims of medical malpractice. NRS § 41A.097. "[A]n action for injury against a provider of health care may not be commenced more than 3 years after the date of injury or 1 year after the plaintiff discovers... the injury, whichever occurs first." NRS § 41A.097(2). Plaintiff did not file the required affidavit and so his medical malpractice claims must be dismissed. NRS § 41A.071.

### D. Supplemental Jurisdiction

If the Court was not dismissing the state law claims based on their merit, it would decline to exercise supplemental jurisdiction over them, because all of the civil rights and statutory federal claims have been dismissed. A district court has discretion to decline to exercise supplemental jurisdiction over a claim if all claims over which it has original jurisdiction have been dismissed or if the claim raises a novel or complex issue of state law. See 28 U.S.C. § 1367(c).

**IV. Conclusion**

Accordingly, IT IS HEREBY ORDERED that Defendants Dr. Kilpatrick and O'Connor's Joinder (#49) seeking dismissal of claims against them is **GRANTED**;

IT IS FURTHER ORDERED that all claims against Defendants Kilpatrick and O'Connor are **DISMISSED with prejudice without leave to amend as futile**;

///
///
///
///

IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for these Defendants and against Plaintiff.

DATED this 4th day of May 2017.

_____
Kent J. Dawson
United States District Judge