# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RAJA MITTAL, on the behalf of himself and His minor son X, X, as his guardian ad litem,

    Plaintiff,

v.

COUNTY OF CLARK; CLARK COUNTY DEPARTMENT OF FAMILY SERVICES/DFS/CLARK COUNTY CHILD PROTECTIVE SERVICE; TERESA TIMBBS in her individual and official capacity; NATALIE GUESMAN in her individual and official capacity; STACY SCOTT in her individual and official capacity; MARIA TETREAULT in her individual and official capacity; CHERYL COOLEY in her individual and official capacity; DEOGRATIUS MSHIGENI in his individual and official capacity; KIMBERLY BROTHERES in her individual and official capacity; TROY ARMSTRONG in his individual and official capacity; JOHN J. HONES, JR. In his individual and official capacity; AMITY DOORMAN in her official and individual capacity; DETECTIVE T. KATOWICH in his individual and official capacity; DR. MICHAEL O NYARKO in his official capacity; DOCTOR WILLIAM L. DOWNEY in his individual capacity; DR GREGORY S. HARDER in his individual capacity; EXIZABETH JARMAN in her individual capacity; ROBERT DRASKOVICH, ESQ in his individual capacity; DR. ROBERT A. KILPATRICK in his individual capacity; DR MARC O'CONNOR in his individual capacity and DOES 5 through 300 Inclusive,

    Defendants.

Case No. 2:15-cv-01037-KJD-VCF

**ORDER**

Presently before the Court is Defendants Kilpatrick and O'Connor's Motion for Attorney's Fees (#137). Plaintiff filed a response in opposition (#142) to which Defendants replied (#143). On May 4, 2017, the Court granted (#130) Defendants Kilpatrick and O'Connor's Joinder (#64) to Co-Defendants' motion to dismiss Plaintiff's claim. Now, Defendants have moved for an award of attorney's fees as a prevailing party under 42 U.S.C. § 1988.

### 42 U.S.C. § 1988

As a general rule, "a district court may in its discretion award attorney's fees to a prevailing defendant. . .upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though it was not brought in subjective bad faith." Christiansburg Garment Co. v. E.E.O.C., 434 U.S. 412, 421 (1978) (Title VII); see also Hughes v. Rowe, 449 U.S. 5, 14-16 (1980) (42 U.S.C. § 1983). By frivolous, the court means that the litigation must be "meritless in the sense that it is groundless or without foundation." Hughes, 449 U.S. at 14; see also Dooley v. Reiss, 736 F.2d 1392, 1396 (9th Cir. 1984). In other words, litigation is frivolous if the result is obvious or the arguments are wholly without merit. See Glanzman v. Uniroyal, Inc., 892 F.2d 58, 61 (9th Cir. 1989).

"A defendant stands in a different equitable position from that of a prevailing plaintiff. Nevertheless, Congress intended to protect defendants from 'litigation having *no* legal or factual basis.'" Mitchell v. Los Angeles Ct. Superintendent of Schools, 805 F.2d 844, 847 (9th Cir. 1986) (quoting Christiansburg, 434 U.S. at 420) (emphasis added). "Only in exceptional cases did Congress intend that defendants be awarded attorney's fees." Id. at 848.

This is an exceptional case. Defendants were named in this action for various causes of action in a complaint spanning seventy-two pages that only includes two short sentences containing any factual allegations against them (#48 at 165). These allegations stated that both Defendants did not thoroughly examine Plaintiff's son at Sunrise Hospital and that O'Connor gave a false statement to the Las Vegas Metropolitan Police Department. Furthermore, Plaintiff's professional negligence claims were *void ab initio* because Plaintiff failed to include an affidavit by a medical expert

supporting the allegations of the action pursuant to Nevada Revised Statute 41A.017. Finally, as stated above, all of Plaintiff's federal claims were dismissed with prejudice without leave to amend as futile (#130). Such an action against Defendants is meritless, groundless and without foundation. Therefore, the Defendants have met their burden and an awarding of attorney's fees is appropriate.

**Reasonableness of Fees**

In determining appropriate fees to be awarded, the court uses the lodestar method. As stated in <u>Morales v. City of San Rafael</u>, 96 F.3d 359, 363 (9th Cir. 1996), "[t]he 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." After computing this amount, the court then assesses various factors[1] to determine whether to adjust this lodestar figure. <u>Id.</u> at 363-64.

Defendants have provided to the Court an unredacted Detail Fee Transaction File List (#137), which lists the various expenses incurred while defending these Defendants in this suit. The Court must first determine whether the rate and number of hours are reasonable. Defendants' attorneys have indicated that the hourly rates are $205.00 for partners and $180.00 for associates. The Court finds that these are reasonable rates in Las Vegas. Furthermore, the attorneys have shown that over a two year period, they have spent 110.90 hours in defending these two Defendants. It appears that these hours were spent preparing motions, keeping up to date with correspondence, analyzing and reviewing Plaintiff's actions, and determining whether these Defendants were subject to different rules governing state actors. The Court finds that the hours spent for these Defendants is reasonable. In fact the fees would likely have been substantially lower had Plaintiff not named eighteen (18)

---

[1] The twelve factors bearing on the reasonableness of the fees are: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. <u>Kerr v. Screen Extras Guild, Inc.</u>, 526 F.2d 67, 70 (9th Cir. 1975). The Kerr factors are consistent with the local rule governing motions for attorney's fees. LR 54-14(b)(3).

other defendants. However, despite the voluminous amount of filings, Defendants kept the fees low, often only billing for six minutes to review filings by or pertaining to other parties.

Lastly, the Court must determine whether to increase or decrease the lodestar amount based on the Kerr factors. The Defendants' attorneys have provided a brief summary of the hours, rates, results obtained, skill, experience, and difficulty of questions in accordance with Local Rule 54-14(b). The Court does not find that there should be an increase or a decrease in the lodestar amount. Therefore, the fee amount of $20,537.00 is a reasonable amount and will be awarded.

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion for Attorney's Fees (#137) is **GRANTED**;

IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** in favor of Defendants Kilpatrick and O'Connor and against Plaintiff in the amount of $20,537.00 in attorney's fees.

DATED this 16th day of June 2017.

_____
Kent J. Dawson
United States District Judge